```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF PUERTO RICO
```

SANTIAGO-ROSARIO,

    **Plaintiff,**

        v.                           **CIVIL NO.** 11-1807 (JAG)

GALAN-KERCADO, *et al.*,

    **Defendants.**

**OPINION & ORDER**

Garcia-Gregory, D.J.

Plaintiff Vidal Santiago-Rosario ("Santiago") brought this action seeking redress for alleged violations of his constitutional rights, pursuant to 42 U.S.C. §§ 1983 & 1988 and the constitutions of the United States and the Commonwealth of Puerto Rico. Defendants Daniel J. Galan-Kercado ("Galan") and Felix Salas-Quinones ("Salas") filed, in their personal capacity, a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the motion is GRANTED IN PART.

**BACKGROUND**

For approximately twenty years, Santiago was an employee of the Rangers Corps of the Commonwealth of Puerto Rico's Department of Natural and Environmental Resources ("DRNA" by its

Spanish acronym). (Docket No. 1, "Comp.", at ¶¶ 8 & 19). He currently holds a career position within the Rangers Corps as a Second Lieutenant. (Comp. at ¶¶ 19 & 37). Santiago alleges he is a registered voter affiliated with the Popular Democratic Party (the "PDP"), and participated as a "poll watcher, electoral coordinator and ward president" in support of his party.

As is publicly known, the 2008 election cycle resulted in a win for the New Progressive Party ("NPP"). Shortly after being sworn in, Governor Luis Fortuño appointed co-defendant Galan, an NPP supporter, to the position of Secretary of the DRNA. The Governor also appointed co-defendant Salas, another NPP supporter, to the highest rank for the Rangers Corps, that of Commissioner. Both are trust positions.

Plaintiff alleges that Commissioner Salas began a campaign of discriminatory treatment against him because of his political affiliation. Plaintiff charges the Commissioner with stripping him of the functions and authority he held as Second Lieutenant. For instance, Plaintiff alleges he was deprived of the computer, the mobile phone, and the motor vehicle "which were assigned to him and which are considered necessary tools for the adequate performance of his job." (Comp. at ¶ 22). Furthermore, Salas also transferred Plaintiff from San Juan to an office located in Arecibo "without any justification." (Id. at ¶ 23).

**STANDARD OF LAW**

Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. To overcome a Rule 12(b)(6) motion, the complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009).

In Ocasio-Hernández v. Fortuño Burset, 640 F.3d 1 (1st Cir. 2011), the First Circuit distilled from Twombly and Iqbal a two-pronged test designed to measure the sufficiency of a complaint. First, the reviewing court must identify and disregard "statements in the complaint that merely offer legal conclusions couched as fact, or threadbare recitals of the elements of a cause of action." Ocasio-Hernández, 640 F.3d at 12 (internal punctuation omitted). In this analysis, the remaining non-conclusory factual allegations must be taken as true, even if they are "seemingly incredible," or that "actual proof of those facts is improbable." Id. Finally, the court assesses whether the facts taken as a whole "state a plausible, not merely a conceivable, case for relief." Id.

In conducting this test, a court must not attempt to forecast the likelihood of success even if recovery is remote

and unlikely. See Ocasio-Hernández, 640 F.3d at 12. Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the Court to draw from the facts alleged in the complaint." Id. at 13.

**ANALYSIS**

Plaintiff concedes that his complaint fails to state a due process or equal protection violation. In his opposition, he only requests the Court deny Defendants' motion to dismiss as to his § 1983 claims. Therefore, the Court will dismiss the aforementioned claims with prejudice, and will address Defendants' motion to dismiss on the remaining claims.

§ 1983

Section 1983 creates "no independent substantive right, but rather, provides a cause of action by which individuals may seek money damages for governmental violations of rights protected by federal law." Cruz-Erazo v. Montanez, 212 F.3d 617, 621 (1st Cir. 2000). Liability attaches where the constitutional injury (1) is committed by a person acting under color of state law and (2) deprives a person of rights, privileges or immunities secured by the Constitution of the United States. See Rio Grande Community Health Center, Inc. v. Rullan, 397 F.3d 56 (1st Cir. 2005)(quoting § 1983).

The brunt of Salas' challenge against the complaint is grounded on a *prima facie* analysis. In discrimination cases, however, the First Circuit recently held that "the prima facie case is not the appropriate benchmark for determining whether a complaint has crossed the plausibility threshold." <u>Rodriguez-Reyes v. Molina-Rodriguez</u>, 2013 WL 1173679, 1 (1st Cir. 2013). While "the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim," they need not be pled with exactness. <u>Id.</u> Taking the factual allegations in light most favorable to Plaintiff, the Court finds that the complaint states a plausible claim of political discrimination against Salas. This is all that is necessary to open the doors to discovery. Salas' motion to dismiss the § 1983 claims is therefore denied.

The situation is not the same with co-defendant Galan, as liability under Section 1983 "cannot rest solely on a defendant's position of authority." <u>Ocasio–Hernández</u>, 640 F.3d at 16. At a minimum, the complaint must plead that the defendant was *personally involved* in the alleged constitutional violation to establish a plausible § 1983 violation. <u>See</u> <u>Pineda v. Toomey</u>, 533 F.3d 50, 54 (1st Cir. 2008)(holding that, for liability under § 1983 to attach, supervisory defendants must be

affirmatively linked to the alleged constitutional violations)(our emphasis).

While the complaint is arguably detailed regarding the actions taken by Salas, it is almost silent on Galan's participation. The sole allegation is that Galan "initiated" the actions taken by Salas, and that he "knew and tolerated" them. (Compl. at ¶ 24). But all of the actions complained of by Plaintiff were evidently initiated by Salas himself.[1] Ocasio-Hernández, 640 F.3d at 14-15. The complaint does not allege, for example, that Galan directed Salas to take those actions.

Furthermore, the complaint fails to plead "discrete factual events" that would allow the Court to infer that Galan "knew or tolerated" defendant Salas' actions. Plaintiff asks us to infer that Galan knew of Salas' actions because he was the head of the DRNA, and that Salas responded directly to him. That much is stated in the complaint.[2] But "some allegations, while not

---

[1] See e.g. Comp. at ¶ 22 (The complaint alleges that "*Defendant Salas* increased […] the discriminatory actions against plaintiff," yet no previous allegation stated that Plaintiff had been discriminated against.); see also Id. ("*This defendant* [referring to Salas] on August 18, 2010 deprived plaintiff […] of his functions and authority."); see also Id. at ¶ 24 ("… *defendant Salas* transferred plaintiff to [Arecibo]…").

[2] In his opposition, Plaintiff brazenly attempts to sneak by additional factual allegations that are not pled in the complaint – these will be ignored. E.g. Docket No. 46 at p. 9 ("Galan is the nominating authority of plaintiff Santiago and is

stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual." Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011) (internal quotation marks omitted). Plaintiff offers no "discrete factual events" tending to show Galan was even aware of Salas' actions. But even if he was, it would be inconsequential under the facts alleged in the complaint.

It is well-settled that § 1983 supervisory liability may not be based on a *respondeat superior* theory, see Ayala-Rodriguez v. Rullan, 511 F.3d 232 (1st Cir. 2007)(citing Rizzo v. Goode, 423 U.S. 362, 375-77 (1976)); rather, it can only be grounded on the supervisor's own acts or omissions. See Diaz v. Martinez, 112 F.3d 1, 4 (1st Cir. 1997). Not just any act or omission leads to liability; a plaintiff must show that the supervisor acted with deliberate indifference to plaintiff's constitutional rights. This level of indifference is shown where 1) there exists a grave risk of harm; 2) the official has actual or constructive knowledge of that risk; and 3) the official fails to take easily available measures to address that risk.

---

the ultimate responsible of all personnel transaction at the Department."); see also Id. ("As soon, Mr. Santiago was transfer and his duties were eliminated, he sent a letter to both codefendant requesting what reason or justification they had to grant to him inferior working condition.")

See Camilo-Robles v. Hoyos, 151 F.3d 1, 7 (1st Cir. 1998). Therefore, the complaint must do more than plead Galan was aware of Salas' actions. Galan must have known that Salas' actions presented a "grave risk of harm" to Plaintiff's constitutional rights. It would be a stretch to infer that Galan had this level of knowledge merely because he was aware that Salas moved Plaintiff to a new location and fiddled with his duties and prerogatives as Second Lieutenant. After all, Salas was the highest ranking officer of the Rangers Corps.

Accordingly, Plaintiff's § 1983 political discrimination claim against Galan in his individual capacity shall be dismissed with prejudice.

Some final observations

The motion to dismiss currently before the Court was joined only by defendants "in their personal capacities…." (Docket No. 43 at p. 1). Yet, Plaintiff is also suing both co-defendants in their official capacity. Consequently, Plaintiff's claims against the Commonwealth of Puerto Rico remain pending. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) (official-capacity suits are simply "another way of pleading an action against an entity of which an officer is an agent;" in this case, the Commonwealth of Puerto Rico). Nevertheless, it is a matter of black-letter law that the Eleventh Amendment bars all claims

against the Commonwealth, save for injunctive and declaratory relief issued in a prospective manner. See e.g. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984) and Edelman v. Jordan, 415 U.S. 651 (1974). Therefore, the Court will dismiss these claims as well.

## CONCLUSION

In light of the above, the motion to dismiss is granted in part. The Court shall all claims in this case save for Plaintiff's § 1983 claim against Salas in his personal and official capacity. The official capacity claims are circumscribed, as a matter of law, to prospective injunctive and declaratory relief.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of March, 2013.

S/ Jay A. Garcia-Gregory
United States District Judge