IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SANTIAGO-ROSARIO,<br><br>Plaintiff,<br><br>v.<br><br>GALÁN-KERCADÓ, <u>et al.</u>,<br><br>Defendants. | CIVIL NO. 11-1807 (PAD) |

**OPINION AND ORDER**

Vidal Santiago Rosario initiated this action against Daniel J. Galán-Kercadó and Félix Salas-Quiñones alleging violations of the First, Fifth, and Fourteenth Amendments to the U.S. Constitution, and of Puerto Rico law. Before the Court is Salas' "Motion for Summary Judgment and Memorandum of Law in Support Thereof" – Docket No. 75 – which Santiago opposed at Docket No. 92. Salas replied at Docket No. 107 and Santiago filed a sur-reply at Docket No. 111. For the reasons explained below, the motion is GRANTED and the complaint DISMISSED.

**I.   PROCEDURAL BACKGROUND**

Initially, defendants filed a Motion to Dismiss – Docket No. 43 – which was granted in part at Docket No. 50. Partial Judgment was entered accordingly, dismissing all claims except for Santiago's claims against Salas in his personal and official capacity under 42 U.S.C. § 1983 (Docket No. 48). Subsequently, Salas moved for summary judgment essentially claiming that (1) Santiago failed to establish a *prima facie* case of political discrimination; and (2) the decision to assign Santiago to administrative duties was not based on political considerations and as such, should be dismissed under <u>Mt. Healthy City School Dist. Bd. of Ed.</u> v. <u>Doyle</u>, 429 U.S. 274 (1977).

## II.     STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A factual dispute is "genuine" if it could be resolved in favor of either party.  It is "material" if it potentially affects the outcome of the case in light of applicable law. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has satisfied this requirement, the nonmoving party has the burden of presenting facts that demonstrate a genuine issue for trial.  LeBlanc v. Great American Ins. Co., 6 F. 3d 836, 841 (1st Cir. 1993).  All reasonable inferences must be drawn in favor of the nonmovant. Shafmster v. United States, 707 F. 3d. 130, 135 (1st Cir. 2013).

To resist summary judgment, the nonmovant must do more than show some metaphysical doubt as to a material fact.  Matsushita Elec. Inds. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The mere existence of a scintilla of evidence in support of that party's position will be insufficient to prevail at this stage.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). For the same reason, conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative will not suffice to ward off a properly supported motion for summary judgment.  Nieves-Romero v. United States, 715 F. 3d 375, 378 (1st Cir. 2013).  Defendant is entitled to judgment as a matter of law.

### III.     FACTUAL FINDINGS

Santiago is a Second Lieutenant in the Ranger Corps of the Department of Natural and Environmental Resources of Puerto Rico ("DNER"). See Docket No. 76 Salas' Statement of Uncontested Facts ("SUF") ¶ 2. Salas was the unit's highest ranking officer. Santiago is affiliated to the Popular Democratic Party, and Salas to the New Progressive Party. Id. at ¶ 35; see also Plaintiff's Statement of Uncontested Facts ("PSUF") ¶A1. Santiago and Salas would speak about their respective political affiliation. Id. at ¶ 25.

In 2007, Santiago was referred to the Employee Assistance Program for treatment after a group of agents in his unit complained about him. SUF ¶ 43.[1] In October 2009, two (2) Rangers filed mobbing complaints against him. Id. at ¶¶ 49, 61.[2] In March 2010, the Acting Director of the Office of Human Resources and a technician from the same office sent a communication to Salas regarding those complaints. Id. at ¶ 71.[3]

In August 2010, Salas transferred Santiago to administrative duties until an investigation was concluded. Id. at ¶ 64. He did so based on written and verbal complaints against Santiago, prior incidents that resulted in tragedies inside the DNER, such as when a ranger committed suicide with his regulation weapon for failure to disarm him and in other agencies including an incident when a feud amongst two police officers resulted in on killing the other for failure to disarm and

---

[1] In his opposition the plaintiff makes reference to SUF ¶ 43 (Docket No. 92 at p. 10). However, he neither denies, admits, nor qualifies the statement. To the extent that he failed to comply with Local Rule 56(e), the fact is deemed admitted.

[2] The plaintiff denied ¶¶ 61 and 49 because he allegedly had no prior knowledge of these grievances. These facts are being brought in order to establish the existence of prior complaints against the plaintiff. As such, and because they are properly supported by the record, the facts are considered admitted.

[3] The plaintiff has qualified this fact in his opposition. The information provided therein does not contradict this statement. As such, and because it is properly supported by the record, SUF ¶ 71 is considered admitted.

separate them, and on findings made by a psychologist (Teddy Alonso), of which he was made aware (Salas' Statement Under Penalty of Perjury, Docket No. 76 Exh. 4).  Although Santiago initially claimed to have been deprived of a computer, cellphone and motor vehicle, he later admitted to never been assigned such accessories. Id. at ¶¶ 37-39.

## IV.   DISCUSSION

Section 1983 is the conventional vehicle through which relief is sought for claims of political discrimination by state actors.  For this purpose, Puerto Rico is the functional equivalent of a state. Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 54 (1st Cir. 2013).  There are two essential elements of an action under section 1983: (i) that the conduct complained of has been committed under color of state law, and (ii) that this conduct worked a denial of rights secured by the Constitution or laws of the United States.  Id.

### A. Fourteenth Amendment Due Process Claim

Santiago contends he was subjected to inferior working conditions without a prior hearing in violation of due process of law (Docket No. 111 at p. 2).  Santiago's argument fails for two reasons.

First, in order to properly establish a procedural due process claim, the plaintiff must allege a constitutionally protected property interest in the functions of his job. Rojas-Velázquez v. Figueroa-Sancha, 676 F.3d 206, 212 (1st Cir. 2012) (citing Board of Regents v. Roth, 408 U.S. 564, 569-572 (1972)).  Such a finding requires the Court to make an analysis pursuant to local law. Id. (citing Rosario-Torres v. Hernández-Colón, 889 F32d 314, 319 (1st Cir. 1989)).

Under Puerto Rico law, a public employee may have a property interest in his continued employment, but not in the particular functions of his job. Id. (citing Costra-Urena v. Segarra, 590 F.3d 18, 27 (1st Cir. 2009) and Soto-Padró v. Pub. Bldgs. Auth., 675 F.3d 1, 7-8 (1st Cir. 2012)).

In the case at hand, notwithstanding the fact that the particular functions of Santiago's job have changed, he continues to work at the DRNE. As such, he has not been deprived of a property interest for which process is due. Rojas-Velázquez, 676 F.3d at 212.

Second, in Santiago's own words, he previously "recognize[d] to the Court he [could not] establish that he has a claim against the defendants for violation of the due process clause or the equal protection clause." (Docket No. 46 at p. 10). More important, the Court ultimately ruled on that matter, dismissing all of the Santiago's claims, except those under the First Amendment against co-defendant Salas. Partial Judgment was entered accordingly at Docket No. 48. With this background, there is no colorable claim under the Due Process under the Fourteenth Amendment.

### B. First Amendment Political Discrimination Claim

Santiago claims Salas discriminated against him because of his political affiliation in transferring and divesting him of his duties and responsibilities as Second Lieutenant. The right to associate with the political party of one's choice is an integral part of the basic constitutional freedom to associate with others for the common advancement of political beliefs and ideas protected by the Frist Amendment. García-González v. Puig-Morales, 761 F.3d 81, 9 (1st Cir. 2014). To that end, the First Amendment bars government officials from taking adverse employment action on the basis of a person's political affiliation, unless political affiliation is an appropriate requirement for the position. Id.

Less than ideal employment conditions, absent a showing of improper motivation, do not constitute first amendment discrimination. Cabán-Rodríguez v. Jiménez-Pérez, 558 Fed.Appx. 1, 5-6 (1st Cir. 2014). Thus, the plaintiff must point to evidence on the record which, if credited, would permit a rational fact finder to conclude that the challenged personnel action occurred and

stemmed from a politically based discriminatory animus. González-de-Blasini v. Family Department, 377 F.3d 81, 85 (1st Cir. 2004).

To establish a *prima facie* case of political discrimination, a plaintiff must demonstrate: (1) that he and defendant have opposing political affiliations, (2) that the defendant is aware of the plaintiff's affiliation, (3) that an adverse employment action occurred, and (4) that political affiliation was a substantial or motivating factor for that adverse employment action." García-González, 761 F.3d. at 13. If the plaintiff meets this burden, "the defendant may then rebut that showing with what is commonly referred to as the Mt. Healthy defense by proving by a preponderance of the evidence that the governmental agency would have taken the same action against the employee even in the absence of the protected conduct." Reyes-Pérez v. State Insurance Fund Corporation, 755 F.3d 49, 54 (1st Cir. 2014). This defense is rooted in causation; even after plaintiff makes a *prima facie* case, it is insufficient to establish discrimination as a matter of law because the plaintiff's case at that point does not distinguish between a result caused by a constitutional violation and one not so caused." Id. (citing Sánchez-López v. Fuentes-Pujols, 375 F.3d 121, 131 (1st Cir. 2004)).

The record permits Santiago to satisfy the first three elements of the *prima facie* case. It is uncontested that he is affiliated with the PDP and that Salas is an affiliate of the NPP. Nor is there any dispute that he and Salas would speak about their respective political affiliation. Given this evidence, it can be reasonably concluded that Salas knew of Santiago's political affiliations. Moreover, while Santiago has never been assigned a cellular phone, a computer, or a vehicle by the DNER, to the extent he has not been allowed to perform his regular duties and functions, he

may be said to have been subjected to an adverse employment action.[4]  Yet at the end of the day, he has not established that political affiliation was a substantial or motivating factor in the decision that he has challenged.

Salas assigned Santiago to administrative duties because of written and verbal complaints against Santiago, prior incidents that resulted in tragedies inside the DNER, and on findings made by psychologist Teddy Alonso, of which he was made aware.

Santiago's only non-conclusory statement in support of Salas' alleged discriminatory animus is the fact that the latter had partially relied on Mr. Alonso's report as a reason for depriving Santiago of his duties as Second Lieutenant, and that such report was issued six days after the letter divesting him of his duties  (Docket No. 92 at pp. 21-22).  But Salas was made aware of its findings. And he was motivated as well by the verbal and written complaints against Santiago.

In this context, the link between those reasons and political affiliation is non-existent. Plaintiff cannot "prevail simply by asserting an inequity and tacking on the self-serving conclusion that [Salas] was motivated by a discriminatory animus." Id. (citing Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 5 (1st Cir. 1998)).  His "subjective beliefs simply are not evidence sufficient to counter [Salas'] well-supported motion for summary judgment." Id. (citing Pilgrim v. Trustees of Tufts College, 118 F.3d 864, 871 (1st Cir. 1997)).  He has offered little evidence apart from his own say-so that Salas had any political motivations in the way he treated him. Cabán-Rodríguez, 558 Fed.Appx. at p. 6.  Merely juxtaposing a protected characteristic – someone else's politics – with

---

[4] The Court has assumed, without deciding, that for purposes of defendant's motion for summary judgment Santiago's duties are unreasonably inferior to the norm for the position. Cabán-Rodríguez, 558 Fed. Appx. at 5.  As for his transfer to Arecibo, the Court finds it was not materially adverse.  Santiago's commute from his residence in the municipality of Florida to his workplace before the transfer was 40 minutes.  After the transfer, it was 50 minutes (SUF ¶ 29).

the fact plaintiff was treated unfair is not enough to state a constitutional claim. Marrero-Gutierrez v. Molina, 491 F.3d 1, 10 (1st Cir. 2007).

## V. CONCLUSION

In view of the foregoing, Salas' request for summary judgment at Docket No. 75 is GRANTED, and thus, plaintiff's remaining claim is dismissed with prejudice. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of September, 2014.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNANDEZ
U.S. DISTRICT JUDGE